**RITH ENERGY, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 92–480 L.**

United States Court of Federal Claims.

July 14, 1999.

## ORDER

## DENYING MOTION FOR RECONSIDERATION

WIESE, Judge.

The restrictions imposed by Tennessee's Water Quality Control Act with regard to use of the State's water resources do not represent a set of newly-proclaimed tenets of public nuisance law. To the contrary, activities that cause the pollution of domestic waters have long been recognized by the courts of Tennessee to be contrary to the public's health and safety and therefore enjoinable as a nuisance. *Nunnelly v. Southern Iron Co.*, 94 Tenn. 397, 29 S.W. 361 (1895); *H.B. Bowling Coal Co. v. Ruffner*, 117 Tenn. 180, 100 S.W. 116 (1907); *Love v. Nashville Agricultural and Normal Institute*, 146 Tenn. 550, 243 S.W. 304 (1922).

And whether the enforcement of these restrictions is accomplished by the state regulatory body or by federal officials acting under the authority of SMCRA is not an issue relevant to the takings analysis. Under the holding of *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1029, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992), the test is whether the property use that is proscribed is based on "restrictions that background principles of

---

the State's law of property and nuisance already place upon land ownership." Where that condition is met, no compensation is owed.

The property use that was denied here, the conduct of a surface mining operation that held out a "high probability" of introducing acid mine drainage into the Sewanee Conglomerate aquifer, is not a property use plaintiff could legitimately claim it had a right to pursue in consonance with relevant state property and nuisance principles.

The motion for reconsideration is denied.